FREDERICK G. RICCIO
*vs.*
MARY C. RICCIO

Superior Court          New Haven County          File No. 63876

MEMORANDUM FILED MARCH 3, 1944.

*Samuel H. Platcow*, of New Haven, for the Plaintiff.

*Abraham Zweigbaum*, of New Haven, for the Defendant.

WYNNE, J.  Time and events have shown clearly that these parties are estranged beyond hope of reconciliation.  It remains only to decide whether defendant's withdrawal from an unhappy home became desertion within the meaning and philosophy of our divorce statute.

The defendant makes no claim that she was justified in leaving because her husband had not provided an independent home.  Indeed she admits that she had agreed to the living arrangements that were provided.  She makes no claim that the discovery of her husband's affliction was the cause of her leaving.  She could scarcely claim otherwise in view of the fact that she lived with him as his wife for months thereafter.

Her story is that she left because of a beating that was the culmination of a period of discord due to her husband's indifference and neglect.  She makes no claim that she was justified in leaving permanently but expressly says that she hoped that her husband would seek a reconciliation.  However, she did nothing herself to effect a reconciliation except to make one attempt to see her husband.  Assuming that she did try to see him (although he denies it), it would seem that it was encumbent upon her to do more than she did.  She had promptly sought the aid of the City Court to get contribution for support.  She wrote no letter except as to support and she made no suggestion.  Surely she was called upon to do more than she did.

The court can judge her motive and intent only by her conduct, and her conduct indicates that she had decided to go her way.  This being so every element in a legal sense is present and time has run the sands.

The defendant appears to be a high-minded and entirely reputable woman in every way.  The court respects the

sensibilities which she displayed and the religious scruples which she indicated as influencing her conception of the sanctity of matrimony. In final analysis, however, the marriage was an ill-starred one.

On the evidence it must be held that the plaintiff has proven a case and a decree may enter.